and are you both on zoom in that case yes your honor can you hear me we can hear you but we just went through this cautionary tale of not being able to hear very well so I hope we can hear you better let's go okay great your honor may it please the court this morning we are here with a case involving a career corrections nurse a lady who served her community for many years through the Erie County Sheriff's Department Erie County Correctional Facility she came across a very bad situation involving her husband's health her husband's health had deteriorated to the point where she was forced to utilize family medical leave sick leave vacation leave in order to care for him to take him for medical treatments out of town and then in the last weeks of his life to care so she never told her employers any of this yes she did your honor did she tell them all communicated all right go on you'll do it was communicated it was communicated via family medical leave applications your honor there was the employer was very well aware of what was going on with her personal life at home the record itself is complete with on the index family medical leave applications are included in exhibits 827 828 829 through 832 all involved family medical leave we also have 837 and we have counsel after her family leave expired yes she just stopped coming to work she missed three hearings that was scheduled and she just that's not okay that's not true tell me that's not true if we go to we're going to look at notes from the Erie County Sheriff's employee review file or file review I am going to turn to page a 48 of the appendix a 48 specifically refers to I'm going to give you the date September 19th Colleen Dolak called in sick does in then parentheses it says does not have any time available and there were no correspondence by mrs. dole act to reschedule the hearing prior to that there was an email regarding miss dole X job abandonment September 14 however on we're gonna go back to see we have a period I'm just gonna have to look into my brief your honor we can save a lot of time can you just show me where she told her employer that she has a disability what that disability is and how and what medical notes she was not able to see a physician so she was seeing a nurse practitioner what was wrong with her I know her physician said she can't come to work that's not the disability anxiety depression and then she also she did have a medical note later on regarding I believe a sinus infection that was related I believe to her stress and things she was going through but essentially the notes involved inability to work beginning September 15th 2016 and the notes were not specific I admit they were not specific regarding her actual illness until later on in her illness it was medical that was basically and what and we're coming and what accommodation did she seek for whatever it is she eventually said was her disability the ability to use the five months of paid leave that was available to her through her union contract was an extended sick leave provision that was at the discretion of the county sheriff that's an accommodation to accommodate the fact that she's not coming into work that's not an accommodation that allows her to do the work that she would do if she came in correct your honor but the court the Second Circuit has never ruled specifically on the issue of whether a leave of absence can be considered an accommodation and it has been discussed in other cases as I've cited in my brief I believe there's a district court case out of Connecticut that specifically references that I'll find that for you just give me one moment see so the accommodation she was seeking was a five-month leave of absence well no it was only as necessary her husband passed away in November so it would have ended up being approximately two and a half months no one knew when her husband was going to die well that is correct but at that point as I mentioned in my brief if we use the analysis from the back decision from the Seventh Circuit there is an interactive process it should have gone on between her and her I believe she did yes I believe she provided the notes that she wasn't able to work and she did call in she did actually make one or more telephone calls to her employer specifically with reference to the disciplinary hearings that she wasn't able to attend because of her mental condition that she wasn't emotionally capable of appearing for those disciplinary hearings a and she had so much stress being a nurse is very stressful work that is right during the meeting that is correct but she wasn't able to work in her nursing capacity and that was that's the whole argument of her need to use this leave this leave was available to her and it was arbitrarily denied to her what are your strongest factual allegations that defendants were discriminating based on associational discrimination time proximity her family medical leave ran out arguably in the time of August 10th although my client believes it was actually the first week of September the first disciplinary hearing was scheduled for the middle of September so we have basically a about a month's time from when her FMLA ran out and then she had some accumulated sick and vacation time which essentially all ran out without question by the beginning of September so within two weeks of her leave running out all her sick and vacation all the things she was entitled to up until that point in time outside of the special five-month provision of the union contract they began a disciplinary proceeding they didn't even offer her they didn't refer her to the employee about associational discrimination yes I'm sorry I'm running off the topic specifically her husband was on her health insurance plan her husband's care was quite expensive as you said they didn't know when he was going to die and in combination with the fact there was a five-month additional paid leave available to my client which coincidentally would have run up started within two weeks of the first disciplinary hearing is the associational claim that you are making based upon her association by marriage with the person who has a cancer diagnosis correct your honor correct yes in regards terminated until a year and a half after the cancer that is correct your honor but where is this proximity that you're talking muted well I think the greatest proximity is to the five months of additional paid leave at that point obviously they couldn't have terminated her during her FMLA period they knew they would have run into federal legal consequences of that and she did have sick and vacation time that she was using which she had accrued so the proximity is to her loss exhaustion the best term is her exhaustion of her standard employee accrued benefits her exhaustion of FMLA her title her beginning of her potential use of the extended five-month sick leave period all right counsel your time has long expired but you have three minutes for the county thank you yes thank you on the Joshua Feinstein for the county I'm gonna be brief there's not the issue here is whether she's sufficiently alleged disability discrimination and denial of a reasonable accommodation her first problem is I don't believe that she's alleged disability obviously she's claiming now that she was depressed but there's nothing in the record until you actually get to the complaint in this matter when they file in federal court that she indicating depression but people who her employers knew that her condition and in fact had a diagnosis that was terminal didn't they know that they certainly knew that he was suffering from cancer but that's different as to whether they knew that she herself was suffering a disability of any sort and there's absolutely no indication that they knew or they were notified in any way that she would have been suffering a disability within the ADA they're relying on these very bare bone notes which are at a 61-63 which just say DBL that's all they say disability you know that that can mean various things in various contexts that certainly did not give them notice that she was disabled within the meaning of the ADA didn't that raise the issue when she said I'm disabled I think these are no more than sick notes that's all they are you know out two weeks DBL I don't know how that can be reasonably construed as she told him she was disabled again and I do not believe if you look at the case law you you have to put the employer on notice that you're disabled and I'm actually there's this recent second circuit case which was cited by magistrate judge Schroeder below constable that says that the employee you have to put the notice the employee on notice the employee has a disability within the meaning of the act as opposed to a mere impairment and further you know there's other authority that the employee's request for an accommodation must be sufficiently direct and specific all you have here are a series of three notes where she keeps on pushing out the hearing by two weeks based on a nurse's note indicating DBL and and and that is simply not sufficient to trigger the interactive process additionally again she's claiming that she was disabled because her impairment was depression the medical record doesn't support that she ever complained of depression at the time if you go to the nurses notes it's in the record I'm sorry it's at excuse me at 8251 if you go to nurse Oswald's note of September 1616 if you go to there's a treatment note not what was given to the county the county was just given this little prescription pad saying DBL there's a treatment note from nurse Oswald migraines occurring daily from all her stress feeling weak with productive cough and fatigue there's nothing indicating that she presented with symptoms or complained of depression or any other mental impairment similarly also same date there's a note from a second doctor a doctor Pagavra apparently you know she was doing a little form shopping with these physicians went to two of them Dr. Pagavra apparently was only willing to write her a note for a week and he diagnosed a sore throat though it's somewhat convenient that at the complaint stage that they're saying that she's depressed and in fact if you you know if you look at the allegations of the complaint you know this woman deserves our sympathy her husband was dying she has five children she was struggling with a lot but the complaints own allegations was that she was a very capable person she was organizing her husband's care she was traveling with him to Atlanta she was as a nurse she was basically a private duty nurse for him she was helping him with her hygiene I mean this is not a person suffering from a disability they simply haven't alleged that the fact that she was overwhelmed taking care of her husband does not mean that she was disabled within the meaning of the act as unfortunate as her situation may have been okay I've already referenced notice there wasn't anything here that allowed the county any idea that she was alleging a disability within the meaning of the act that may have triggered the interactive process let's see is she presently reemployed at the my understand my understanding is that she is she was certainly offered reinstatement as as part of the union grievance process by the arbitrator thank you my understanding though she's employed elsewhere presently okay I unless unless the court has further questions and I will rest thank you counsel mr. Codd you have three minutes for rebuttal yes I take a I on behalf of my client I take offense with the state that my client was dr. shopping seeing two separate health care providers for an illness that was going on for a nurse practitioner note refers to migraines refers to stress refers to weakness dizziness I'm not a doctor I'm not medically trained but I can only assume that as part of a complex situation involving anxiety and depression that migraine certainly would become could become a part of that situation and unfortunately the employer never requested any further clarification regarding this at the time this was submitted so we don't have anything to present to the court regarding this but the employer certainly had the opportunity to reach out to my client which they did not do and as I noted are you arguing that I required yes under the least under well obviously it's not in the Second Circuit but out of the Seventh Circuit the Beck decision specifically has employers and employees both required to in good faith continue the dialogue if you will interactive process is not a one-sided process it's not totally the employee who is required to continue to provide provide information when there isn't a lack of information when the employer is it's just common sense based upon the federal regulations regarding the disability determination process that the employer should have reached out when the employee is essentially in a situation where maybe she's weak maybe she's essentially having a hard time communicating as she appears to have had migraine headaches weakness dizziness are not conditions normally a person is is in the best frame of mind to think of of all the possible facts that should be presented to her employer she probably thought that this was enough unless she heard more from the employer that this was enough that this was sufficient I mean the the case from Wisconsin the bet case it clearly says a party that fails to communicate by way of initiation or response may also be acting in bad faith in essence court should attempt to isolate the cause of the breakdown and then assign responsibility here we know the client was sick my client was ill she was having great difficulty so I think the why they didn't reach out why they didn't further the process it's a it's a large police department they have over 500 employees they have deputies that routinely go out and make welfare checks on people it's it's a known counsel your time has expired in conclusion you want to tell us yeah in conclusion that the employer had the resources to reach out to my client it would not have been a great burden on them to have sent a deputy over to inquire or even just have picked up the phone and called her and contacted her thank you thank you both you're welcome thank you your honor